**WALGREEN COMPANY, Petitioner,**

v.

**Honorable Dennis F. DONOVAN, Judge of the United States District Court for the District of Minnesota, Respondent.**

No. 15314.

United States Court of Appeals
Eighth Circuit.

Nov. 15, 1955.

Rehearing Denied Dec. 22, 1955.

---

miss, the court likewise required the plaintiff to have the question of the State Board of Pharmacy's power to promulgate the regulations settled by the Minnesota state courts, but, instead of dismissing the suit, as in the Snyder and Elkon cases, it retained jurisdiction "pending proceedings to be brought with reasonable promptness in the appropriate state tribunal."[1] D.C., 127 F.Supp. 657, 659.

The plaintiff has petitioned for a writ of mandamus to compel the District Judge to grant it a trial upon the merits. Under our holding in the Snyder and Elkon cases, the action of the court, in requiring it to have the question of the Board's authority settled by the Minnesota courts, and in holding the case for a reasonable time to permit this to be done, was proper.

The petition for mandamus is accordingly denied.

---

Harry H. Peterson, Minneapolis, Minn. (Roy A. MacDonald, St. Paul, Minn., with him on the brief), for petitioner.

William W. Essling, Sp. Asst. Atty. Gen. of Minnesota (Miles Lord, Atty. Gen., of Minnesota, with him on the brief), for respondent.

Before GARDNER, Chief Judge, and JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Circuit Judge.

In a companion case, Snyder's Drug Stores, Inc., v. Taylor (Elkon, Inc., v. Taylor), 8 Cir., 227 F.2d 162, involving the same situation and contentions, and heard on a similar motion to dis-

---

[1]. The record does not indicate the reason for the difference in the treatment of the cases by the District Judge. The only way in which the cases differed was that in the one here involved diversity of citizenship was present. But that fact was of no significance in relation to the jurisdiction of the court to deal with the federal rights involved or the right of any of the parties to seek their vindication. Pope v. Louisville, etc., R. Co., 173 U.S. 573, 19 S.Ct. 500, 43 L.Ed. 814; Chesbrough v. Woodworth, 244 U.S. 72, 37 S.Ct. 579, 61 L.Ed. 1000.